UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JULIA DAVIS-HARRIS, | Case No. 4:24-cv-11380 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| MAKOWER ABBATE GUERRA WEGNER & VOLLMER, PLLC, *et al.*, | David R. Grand United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## **ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF No. 117)**

Currently before the court is Plaintiff Julia Davis-Harris' objection to Magistrate Judge Grand's order denying her motion for sanctions against Defendant "Ajax Corporation" (ECF No. 117). *See* ECF No. 115 (motion); 116 (order denying motion). Ajax filed a response (ECF No. 118) which also seeks sanctions against Davis-Harris.

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly

1

erroneous or contrary to law." *Id.* A magistrate judge's factual findings will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Judge Grand denied Davis-Harris' motion because she made "only broad and vague accusations of falsehoods, and provides no evidence whatsoever from which the Court could evaluate those accusations." ECF No. 116, PageID.1348. Plaintiff says only that she "mistakenly did not attach [] exhibits" to her motion for sanctions and objects that she "has the right to amend" her motion to include that evidence. ECF No. 117, PageID.1349-50. It is hard to see how the Magistrate Judge could

2

have made any other ruling on the facts and evidence available; Plaintiff concedes that she provided no evidence at all in support of her motion. Nor – for that matter – did she provide any attachments to her objections.[1] This court finds no error, let alone a clear one, and the objection is therefore **OVERRULED**.

As for Ajax's request for all of Plaintiff's filings to happen electronically and for sanctions against Plaintiff, the court **DENIES** those requests **without prejudice** because in this court's view, those were not properly added to a response to Davis-Harris' objection and should be instead presented to the Magistrate Judge in the first instance under the court's referral of all pretrial matters. Defendant is thus free to bring an independent motion addressing those issues for the Magistrate Judge's consideration in the normal course.

**SO ORDERED**.

Date: November 17, 2025         s/F. Kay Behm
                                F. Kay Behm
                                United States District Judge

---

[1] The undersigned has not received an "amended motion" in any capacity.