UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA DAVIS-HARRIS,

     Plaintiff,

v.

MAKOWER ABBATE GUERRA
WEGNER & VOLLMER, PLLC,
*et al.*,

     Defendants.

_____/

Case No. 4:24-cv-11380

F. Kay Behm
United States District Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS (ECF No. 124), AND ACCEPTING AND
ADOPTING THE MAGISTRATE JUDGE'S JANUARY 8, 2026
REPORT AND RECOMMENDATION (ECF No. 120) AND THE
MAGISTRATE JUDGE'S JANUARY 9, 2026 REPORT AND
<u>RECOMMENDATION (ECF No. 122)</u>**

Plaintiff Julia Davis-Harris ("Davis-Harris"), proceeding *pro se*,

brings this action against several groups of defendants arising out of

the alleged wrongful foreclosure of her home.  *See* ECF No. 41.  Several

of these groups of defendants filed motions to dismiss all claims against

them.  ECF Nos. 75, 82, 88, 90.

Currently before the court are two related reports and

recommendations following those motions to dismiss (ECF Nos. 120,

122), to which Plaintiff objected (ECF Nos. 125, 126).  Plaintiff also filed

1

objections to a related non-dispositive order that the court herein addresses (ECF No. 124).  For the reasons explained below, the court first overrules Plaintiff's objections to setting aside the defaults against some Defendants, then accepts and adopts the report and recommendation to deny Plaintiff's motion for default judgment against another Defendant, and finally accepts and adopts the report and recommendation to grant each of Defendants' motion to dismiss.

## I.   PROCEDURAL HISTORY

Julia Davis-Harris filed this action on May 23, 2024.  ECF No. 1. She names as defendants: Makower Abatte Guerra Wegner & Vollmer, PLLC ("Makower"), Todd Skowronski, Evan M. Alexander, Jennifer Igweiler, Sarah McCoskey, Stephen Guerra and Tetyana Begerskyi (collectively, the "Makower Defendants"); Farmers Insurance Exchange, Travis Spaman, Spaman Insurance Agency, Redmond Walsh, and Christine Conkling (collectively, the "Farmers Defendants"); Anastasia Kilanowski-Reyes, Adam Gordon, and Vandeveer Garzia (collectively, the "Vandeveer Defendants"); Ajax Corporation ("Ajax");[1] and Michigan

---

[1] Defendant Ajax is improperly named; it notes its legal name is Ajax Materials Corporation or Ajax Paving Industries Inc.  ECF No. 133, PageID.1468. For simplicity's sake, the court uses "Ajax."

Asphalt Inc. ("Michigan Asphalt") and Nick Drew ("Drew") (all together, the "Defendants"). ECF No. 41 (First Amended Complaint), 82-2 (document referred to as the "Second Amended Complaint," though never properly filed by Plaintiff).

After purporting to have served all of these defendants, Davis-Harris sought entries of default against many of them. *See, e.g.*, ECF Nos. 20, 21, 22, 23, 24, 59, 60, 63, 64, 79, 80. The entries of default were each either denied or later set aside by orders of the Magistrate Judge. *See, e.g.*, ECF Nos. 27, 28, 29, 30, 31, 111, 121. Plaintiff objected only to the last of these orders, which set aside the entries of default against Spaman, Spaman Insurance Agency, Conkling, and Walsh (most of the Farmers Defendants). ECF No. 124 (objecting to 121). Plaintiff also filed for default judgment against Ajax (ECF No. 68).

Meanwhile, motions to dismiss were filed by the Vandeveer Defendants (ECF No. 75), Ajax (ECF No. 82), the Makower Defendants (ECF No. 88), and the Farmers Defendants (ECF No. 90), and those motions were fully briefed (ECF Nos. 98, 99, 102, 103, 105, 107, 110).

The Magistrate Judge then entered two reports and recommendations (ECF Nos. 120, 122). The first (ECF No. 120)

recommends denying Plaintiff's motion for default judgment against Ajax; the second (ECF No. 122) recommends granting each of the motions to dismiss.  Plaintiff objected to both (ECF Nos. 125, 126), and those Defendants all responded (ECF Nos. 131, 132, 133, 134, 135).

## II.    FACTUAL BACKGROUND

The court adopts the facts as the Magistrate Judge described them.  ECF No. 122, PageID.1372-73.  Although Davis-Harris's allegations are difficult to follow, she appears to allege that all of the named Defendants were, in one way or another, involved in the improper foreclosure of her home.

It appears that Davis-Harris previously owned a condominium in the Lochmoor Homeowners Association ("Lochmoor").  *See* ECF No. 75-7, PageID.620.  The Vandeveer Defendants and the Makower Defendants each represented Lochmoor in disputes with Davis-Harris. The Vandeveer Defendants represented Lochmoor in a case brought by Davis-Harris in April of 2024 in which she apparently challenged the assessments and fees Lochmoor had issued against her (the "State Court Action"), the non-payment of which ultimately led to the foreclosure of her property.  *See* ECF No. 75-6, PageID.593; ECF No. 88-

3, PageID.1080-81.  The Makower Defendants represented Lochmoor in a counterclaim Lochmoor filed in the State Court Action to institute foreclosure proceedings against Davis-Harris for nonpayment of the assessments and fees.  ECF No. 88-5, PageID.1086.  In April of 2025, Davis-Harris' suit against Lochmoor was dismissed and summary disposition was granted in favor of Lochmoor.  ECF No. 88-3, PageID.1080; ECF No. 75-6, PageID.593.  The court found that Davis-Harris owed Lochmoor $8,461.00 in "assessments and late fees[,]" and Lochmoor was authorized to sell Davis-Harris' condo at public auction. ECF No. 88-3, PageID.1080-81.

The other defendants are less directly connected to Davis-Harris, and their inclusion in the present litigation appears to stem from work or services they provided to Lochmoor.  The Farmers Defendants provided insurance and related services to Lochmoor.  *See* ECF No. 88-1, PageID.1074.  Nick Drew and the Michigan Asphalt company paved roads for a project that Davis-Harris appears to suggest was done for Lochmoor.  *Id*. at PageID.1050-51.[2]  Davis-Harris alleges that many of

---

[2] Drew and Michigan Asphalt filed no motion to dismiss and are not at issue in this order.

these defendants incorrectly invoiced her, which led to liens being placed on her house. *Id.* at PageID.1061,1066.

Davis-Harris asserts the following claims: Wrongful Foreclosure (Count I); Breach of Contract (Count II); Fraud (Count III); Slander of Title (Count IV);[3] violation of the Real Estate Settlement Procedures Act of 1974 (RESPA) (Count V); and "Negligence/Lanham Act"[4] (unenumerated Count VI).

## III. STANDARD OF REVIEW

### A. Objections

When a litigant objects to a magistrate judge's ruling on a non-dispositive matter, they may serve and file objections to the order within 14 days after being served with a copy. Fed. R. Civ. P. 72(a). The district judge must then consider any timely objections and modify or set aside any part of the magistrate judge's order that is "clearly erroneous or contrary to law." *Id.* A magistrate judge's factual findings

---

[3] Davis-Harris asserts this claim only against Makower and two of its employees, Evan Alexander and Stephen Guerra. ECF No. 82-2, PageID.835.

[4] Davis-Harris asserts this claim only against certain of the Farmers Defendants (as well as an individual, Toby Brazwell, who is not named as a defendant in the SAC) and the Vandeveer Defendants. ECF No. 82-2, PageID.837-38.

will be reversed only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

On objections to a dispositive motion, *de novo* review generally applies. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). The district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Instead, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th

7

Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). The objections must be specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And the "failure to object" entirely "to the magistrate judge's report[] releases the Court from its duty to independently review the matter." *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

## B. Motions to Dismiss

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the nonmoving party and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

8

Moreover, the complaint must "contain[ ] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  A claim has "facial plausibility" when the nonmoving party pleads facts that "allow[ ] the court to draw the reasonable inference that the [moving party] is liable for the misconduct alleged." *Id.* at 678.  The factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens*, 500 F.3d at 527.

In reviewing complaints from pro se litigants, district courts must liberally construe their pleadings.  *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  However, "[t]he leniency granted to pro se [plaintiffs] ... is not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  "The complaint still must plead facts sufficient to show a redressable legal wrong has been committed." *Beebe v. Birkett*, 749 F. Supp. 2d 580, 587 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 12(b)); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

## IV.   ANALYSIS

The court starts with the preliminary issues of Plaintiff's objections to orders setting aside entries of default and seeking default judgment against Ajax, and then turns to the pending motions to dismiss.

**A.    Objections to Order Setting Aside Defaults (ECF No. 124)**

The first issue can be handled quickly.  On January 8, 2026, the Magistrate Judge set aside the Clerk's entries of default against Travis Spaman and Spaman Insurance Agency, Christine Conkling, and Redmond Walsh (collectively, most of the Farmers Defendants), because they were not properly served and were not in default at the time Plaintiff sought default.  ECF No. 121, PageID.1365-66.  Plaintiff's objection, filed on January 26, 2026, was several days late, but in any event provides no reason to think the order was "clearly erroneous or contrary to law."  *See* ECF No. 124; Fed. R. Civ. P. 72(a).  As the defendants noted in their response, no part of her objection specifically challenges a particular portion of the order or point of analysis.  *See* ECF No. 130, PageID.1450.  This is not enough to satisfy Plaintiff's burden under the Local Rules governing objections.  *See* E.D. Mich. LR

10

72.1(d)(1); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.").

The objection is therefore **OVERRULED**.

## B. R&R Regarding Ajax's Default and Default Judgment (ECF No. 120)

The second issue is also straightforward. Davis-Harris sought entry of default against Ajax. ECF No. 59. And after the clerk entered default (ECF No. 60), Ajax filed a motion to set aside that default (ECF No. 61). In the meantime, Davis-Harris moved for default judgment against Ajax (ECF No. 68). But in a separate order, the Magistrate Judge granted Ajax's motion to set aside the default (ECF No. 111). Plaintiff failed to object to that order. And so Judge Grand issued a report and recommendation to deny Davis-Harris' motion for default judgment (ECF No. 120) on the basis that the default had been set aside, but entry of default is a prerequisite to default judgment. *E.g. Breeze Smoke LLC v. Speed Wholesale, Inc.*, No. 2:25-cv-10184, 2025 LX 317757, at *6 (E.D. Mich. Aug. 8, 2025). Thus, default judgment could not be entered because no default existed.

11

Davis-Harris' objections to that report and recommendation are nonresponsive to the issue presented. *See generally* ECF No. 125. Her failure to respond with proper objections is sufficient to overrule them in full. And her earlier failure to object to the order setting aside the entry of default resolves the issue; the default was set aside already and that order was effective without need of further order of this court. So her objections are **OVERRULED**; the report and recommendation at ECF No. 120 is **ACCEPTED** and **ADOPTED** in full; her motion for default judgment against Ajax (ECF No. 68) is **DENIED**.

**C.    R&R Regarding Motions to Dismiss (ECF No. 122)**

With the issues of default thus addressed, the court is squarely presented with the motions to dismiss brought by the Makower Defendants (ECF No. 88), Farmers Defendants (ECF No. 90), Vandeveer Defendants (ECF No. 75), and Ajax (ECF No. 82). The Magistrate Judge recommends granting each one (ECF No. 122), a conclusion to which Plaintiff objected (ECF No. 126), and each set of defendants responded (ECF Nos. 131, 132, 134, 135).

The court takes a moment to note – as the Magistrate Judge did – that Plaintiff's second amended complaint is lengthy, disorganized, and

difficult to follow.  *See* ECF No. 82-2.  At many points, it does not specifically identify the "defendants" it is speaking of.  The Magistrate Judge ably worked to make sense of Davis-Harris' purported complaint and construe her claims in a coherent manner.  If his analysis went awry, it was Davis-Harris' job to specifically and clearly object to the portions that got it wrong.  But nothing in her objections (which are themselves difficult to follow and not clearly labeled) suggests that the Magistrate Judge's view of the facts, or the manner in which he construed her allegations, was wrong.  So the court accepts and adopts his view of the claims, his interpretation of which defendants those claims are brought against, and the facts supporting those claims, and proceeds from there.

      1.     Plaintiff's Failure to File Second Amended Complaint

First, however, this court must address the decision to rely on the allegations in Plaintiff's Second Amended Complaint at all (which was never filed, but is, for example, attached as an exhibit at ECF No. 82-2) rather than the allegations in the First Amended Complaint (ECF No. 41).  All sets of Defendants correctly raised in their motions the procedural point that Plaintiff failed to file her second amended

13

complaint as ordered by the Magistrate Judge, and simply emailed it to the defendants. *See* ECF No. 75, PageID.528 (Vandeveer Defendants); ECF No. 82, PageID.790 (Ajax); ECF No. 88, PageID.1035 (Makower Defendants); ECF No. 90, PageID.1100 (Farmers Defendants). That was not, as the Magistrate Judge noted, proper service or filing, nor did it comply with the Magistrate Judge's order to file that complaint in a timely manner. *See* ECF No. 122, PageID.1372. But the Magistrate Judge concluded that the motions to dismiss all cited the SAC, and so the bulk of the R&R nonetheless is based on the merits of the allegations in the SAC. *See id.*

Had the Magistrate Judge limited his review to the sufficiency of her operative complaint, the FAC, that review would have resolved this case. The Makower Defendants and Vandeveer Defendants both moved for a more definite statement as to the FAC. ECF Nos. 45, 56. And in response, Plaintiff admitted that "the FAC does not contain a short, plain statement of the allegations against the moving defendants" in violation of Rule 8. ECF No. 46, PageID.300. Plaintiff admitted that the FAC was "not sequentially numbered as [r]equired by Rule 10(b)." *Id.* So the Magistrate Judge granted the motions for more definite

statement and ordered, in no uncertain terms, that Davis-Harris "file an operative second amended complaint that adheres to Rule 8's pleading requirements by July 18, 2025." ECF No. 58, PageID.362; *see also* ECF No. 51, PageID.332. It is, therefore, undisputed that Plaintiff's FAC violated Rules 8 and 10, that it failed to state a claim against at least the Makower Defendants, and that Plaintiff failed to file the SAC but merely emailed it to the various Defendants. The result is that all agree that Plaintiff's actual operative complaint, the FAC, is deficient. That, this court finds on *de novo* review, is sufficient to dismiss this case with prejudice under Rule 8 and for failure to comply with the court's orders. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) ("if a district court has offered multiple opportunities to fix" a complaint that is deficient under Rule 8 "and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate"); *see* ECF Nos. 38, 40 (offering Plaintiff first opportunity to amend); ECF Nos. 51, 58 (second opportunity to amend).

However, the court is cognizant of the time and attention paid by all to the merits of Plaintiff's claims in the (inoperative) second amended complaint, as well as the present posture of the case. Plaintiff

did not object to the Magistrate Judge's reliance on the allegations set out in her purported SAC, Defendants often focused on deficiencies in the SAC in their motions to dismiss,[5] and Defendants did not object to the Magistrate Judge's focus on the SAC after the report and recommendation was entered, nor did they raise this issue in their responses to Plaintiff's objections.[6] So in this posture, all parties appear to concede that the content of the SAC is a proper focus of this court's inquiry. And engaging in that inquiry makes clear that even had Plaintiff successfully filed her SAC, her claims would be dismissed for failure to state a claim on which relief can be granted, for the reasons explained below.

The same analysis goes for the argument now advanced by some defendants: that Plaintiff's objections to the R&R at ECF No. 122 were untimely by three days. *Eg.* ECF No. 131, PageID.1453; ECF No. 135, PageID.1479. While true, even had Plaintiff filed her objections in a

---

[5] *See* ECF No. 75, PageID.531 (Vandeveer Defendants); ECF No. 82, PageID.790-91 (Ajax); ECF No. 88, PageID.1038 (Makower Defendants); ECF No. 90, PageID.1103 (Farmers Defendants).

[6] *See* ECF No. 131 (Farmers Defendants); ECF No. 132 (Makower Defendants); ECF No. 134 (Ajax); ECF No. 135 (Vandeveer Defendants).

timely manner, they are overruled on their substance for the reasons explained below.

### 2.    Insufficiency of Plaintiff's Objections

Before turning to each individual set of Defendants, the court addresses Davis-Harris' objections to the R&R more generally.  Local Rule 72.1(d)(1) requires parties to "specify the part of the order, proposed findings, recommendations, or report to which [the party] objects" and to "state the basis for the objection."  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up, citations omitted).  Plaintiff's objections (ECF No. 126) do not comport with that rule.  Her vague and meandering objections appear to largely state conclusory factual allegations against the various Defendants, but at many points do not reference the R&R at all, let alone point to a specific error in its analysis.  Plaintiff provides apparently irrelevant factual allegations, followed by "Disputed" in bold text here and there, without providing any explanation for why she lists these allegations or on what basis those facts are disputed.  *See* ECF No. 126, PageID. 1419-1422.  Her

17

objections leave the Defendants and this court guessing what part of the report and recommendation she is objecting to, and with respect to which Defendant or set of Defendants.  That alone is a sufficient reason to overrule all her objections.  For the sake of clarity, the court will address each set of Defendants individually and any discernable arguments she makes.

       3.    Makower Defendants (ECF No. 88)

First up are Makower, Guerra, Begerskyi, Skowronski, Alexander, Igweiler and McCoskey (jointly, "Makower Defendants").

The only specifically identifiable part of her objections that appears to relate to the Makower Defendants is her contention that Makower is a "debt collector" under the FDCPA.  *See* ECF No. 126, PageID.1423-24, 1428.  Judge Grand's R&R found that there was no proof that Makower is a debt collector, and the same went for any of Makower's named employees.  *See* ECF No. 122, PageID.1381.  He noted that "lawyers and law firms that engage in nonjudicial foreclosure proceedings on behalf of others for the enforcement of security interests are not debt collectors under the primary definition in the FDCPA." *Jones v. Bengtson*, No. 2:21-CV-10181, 2021 WL 4047385, at *4 (E.D.

Mich. Aug. 3, 2021), *report and recommendation adopted*, No. 21-10181,

2021 WL 4034218 (E.D. Mich. Sept. 3, 2021) (citing *Obduskey v.*

*McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019)).  The Makower

Defendants represented Lochmoor Homeowners Association in its

foreclosure action against Plaintiff for unpaid assessments and fees—an

activity that the Magistrate Judge found constituted the enforcement of

a security interest, not general debt collection.[7]  Thus Plaintiff's FDCPA

claim failed.  ECF No. 122, PageID.1381-82.

Davis-Harris does not provide any reason to reject this finding.

Her conclusory statements that the Makower Defendants are "debt

collectors" or identified themselves as a "debt collector" are not

responsive to the specific legal conclusion set out in the report and

---

[7] The court is hesitant to adopt that particular conclusion.  *Obduskey* held that under §1692f(6), "those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act."  *Obduskey*, 586 U.S. at 477. But that holding on its face applies only in situations involving "nonjudicial" foreclosures, and Davis-Harris' claims appear to be based on the Makower Defendants filing a counterclaim for a judicial foreclosure, which might involve a different analysis or result.  *See* ECF No. 88-3; *Lloyd v. Pluese, Becker & Saltzman, LLC*, No. 18-9420, 2019 U.S. Dist. LEXIS 78783, at *5 n.4 (D.N.J. May 9, 2019).  Or perhaps not: At least one court of appeals has found that the distinction may not matter.  *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 1001 (9th Cir. 2020) (concluding that judicial foreclosure proceedings in Oregon are "not a form of debt collection when" they are only "efforts to effectuate" the foreclosure and foreclosure proceedings).  Given that no parties addressed this point, the court will not develop the issue further, but also does not purport to rule conclusively on the matter here.

19

recommendation.  Her sole responsive argument – her citation and claim that "all foreclosure action is considered debt collection under the FDCPA" – is a not an accurate statement of law.  *See* ECF No. 126, PageID.1424.[8]  It is "not the court's role to clarify or construct arguments or evidence in support of a pro se litigant's claims."  *Burley v. Williams-Ward*, No. 18-12239, 2022 LX 77160, at *3 (E.D. Mich. Dec. 1, 2022); *cf. United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To preserve [an] argument . . . the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it.").  Plaintiff's failure to explain why the Magistrate Judge's findings regarding Makower's status as a "debt collector" were wrong is fatal to her FDCPA claim.  "A plaintiff bears the burden of establishing that a defendant is a debt collector under the FDCPA."  *Jones*, 2021 WL 4047385, at *4 (internal citations omitted).

---

[8] As the Makower Defendants correctly explain, Plaintiff's reliance on *Glazer v. Chase Home Finance, LLC*, 704 F.3d 453 (6th Cir. 2013), for the proposition that "all foreclosure action is considered debt collection under the FDCPA," is misplaced. *Glazer* was decided before *Obduskey*, which clarified and limited the scope of the FDCPA with respect to foreclosure activities.  In *Bates v. Green Farms Condo. Ass'n*, the Sixth Circuit applied *Obduskey* and held that entities assisting creditors with nonjudicial foreclosure fall within the narrower definition of security-interest enforcers and are not subject to the full scope of the FDCPA. *Bates*, 958 F.3d 470, 478 (6th Cir. 2020) (noting *Obduskey* abrogated *Glazer*'s holding).

Davis-Harris' objections can also be read to argue that the Makower Defendants maintained liens on her property in violation of the automatic stay under 11 U.S.C. § 362.  *See* ECF No. 132, PageID.1464-65 (responding to that argument).  But nowhere in Plaintiff's SAC does she state that she ever filed for bankruptcy, so this argument is unsupported by any evidence or any allegation in her complaint.

If there are objections to the remainder of the Magistrate Judge's report and recommendation to grant the Makower Defendants' motion to dismiss, they are not clearly stated, nor do they identify specific portions with which she disagrees.  On that basis they are overruled. The court nonetheless agrees with Judge Grand's conclusions that she failed to state a claim for wrongful foreclosure, breach of contract, fraud, slander of title, and RESPA violations.

With respect to Plaintiff's wrongful foreclosure claim, Plaintiff does not allege that the Makower Defendants were the mortgagee or foreclosing entity, which is fatal to her claim.  With respect to Plaintiff's fraud claim, Plaintiff failed to plead fraud with the particularity required by Federal Rule of Civil Procedure 9(b).  Plaintiff's objections

21

do not cure this deficiency.  With respect to Plaintiff's breach of contract claim, Plaintiff failed to allege the existence of any contract between herself and the Makower Defendants.  Plaintiff's objections do not identify any such contract.  With respect to Plaintiff's slander of title claim, this claim is barred by *res judicata* because the validity of the lien was already adjudicated in state court.  Plaintiff's objections do not address this holding.  And with respect to Plaintiff's RESPA claim, Plaintiff failed to allege that the Makower Defendants are servicers of a federally related mortgage, which is a prerequisite to liability under RESPA.

The Makower Defendants' motion to dismiss will thus be granted.

### 4.    Farmers Defendants (ECF No. 90)

Next up are Farmers Insurance Exchange, Spaman, Spaman Insurance Agency, Walsh, and Conkling (collectively, the "Farmers Defendants"), who provided insurance and related services to Lochmoor. ECF No. 88-1, PageID.1074; ECF No. 122, PageID.1374.  Judge Grand found that only two counts in the SAC contained allegations against the Farmers' Defendants: "Fraud" and "Negligence/Lanham Act."  ECF No. 122, PageID.1383, 1387-89.  But he found both counts failed to state a

claim against the Farmers Defendants. *See id.* As to fraud, Judge Grand found that Plaintiff cited criminal statutes that could not support a civil cause of action. To the extent that her complaint could be construed to bring a common law fraud claim, her SAC did not meet the standard of Fed. R. Civ. P. 9(b). ECF No. 122, PageID.1382. And as to "Negligence/Lanham Act," the Magistrate Judge found that she had not adequately pleaded the elements of negligence, nor could she establish standing to assert a Lanham Act claim. *See* ECF No. 122, PageID.1387-89.

No part of Plaintiff's objections clearly respond to any of those findings. No part of her objections mentions negligence or the Lanham Act, abandoning that claim. While she makes vague and conclusory allegations of "fraud" or "fraudulent activity," she does not clearly tie those statements to an objection to a specific part of the Magistrate Judge's order nor contravene his findings under Rule 9(b). The court does not discern any specific objection to a particular aspect of the Magistrate Judge's findings as to the Farmers Defendants, and the

court agrees with Judge Grand's conclusions as to the claims that referenced them.[9]

The Farmers Defendants' motion to dismiss will thus also be granted.

### 5.  Vandeveer Defendants (ECF No. 75)

Next are Kilanowski-Reyes, Gordon, and Vandeveer Garzia (collectively, the "Vandeveer Defendants").  The Vandeveer Defendants defended Lochmoor in an Oakland County Circuit Court case brought by Davis-Harris in April of 2024 in which she apparently challenged the assessments and fees Lochmoor had issued against her (the "State Court Action"), the non-payment of which ultimately led to the foreclosure of her property.  ECF No. 122, PageID.1373 (citing ECF No. 88-3).

---

[9] Even if the court could decipher the substance of her objection, that substance was previously abandoned, because she failed to address it in response to the Farmers Defendants' Motion for Summary Judgment.  *See* ECF No. 103; *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011) (holding that a district court properly declines to consider the merits of a claim when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin*, 178 F. App'x 522, 524-25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim).

24

As with the Farmers Defendants, Judge Grand found Plaintiff failed to state either a fraud claim or a "negligence/Lanham Act" claim against the Vandeveer Defendants, because she a) cited criminal statutes that do not provide a private right of action, b) did not satisfy the heightened pleading standard in Rule 9(b), c) did not adequately plead the elements of negligence, and d) provided no basis for asserting a Lanham Act claim.[10]

In her objections, Plaintiff makes only a few factual allegations concerning the Vandeveer Defendants.  But Plaintiff does not explain how these factual allegations regarding the Vandeveer Defendants, which involve discovery practices (ECF 126, PageID.1420-1423) and dispositive motion practices (*id.* at PageID.1421), could provide the basis for a claim of fraud, negligence, or the Lanham Act.  Her objections fall well short of her obligation to specify which portion of the Magistrate Judge's order she objects to and to explain the substance of her objection.  "The filing of vague, general, or conclusory objections

---

[10] The Vandeveer Defendants also say that Judge Grand found that Plaintiff failed to state a RESPA claim against them.  ECF No. 135, PageID.1478.  This court reads the R&R to say that the only clear RESPA claims were brought against the Makower Defendants.  ECF No. 122, PageID.1387.  But to the extent that the Vandeveer Defendants might have been included in that claim, the court agrees that no RESPA claim was plausibly stated against them.

does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also Crawford v. Crestar Foods*, No. 98-3144, 2000 U.S. App. LEXIS 6695, 2000 WL 377349 (6th Cir. April 6, 2000) ("The district court is not required to make [a pro se litigant's] argument for him.  Such a mandate would 'require the courts to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'") (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Her objections are thus overruled, and the Vandeveer Defendants' motion to dismiss will likewise be granted.

### 6.    Ajax (ECF No. 82)

The final Defendant at issue in these motions is Ajax.  The Magistrate Judge found that the only claim that was even plausibly brought against Ajax was Plaintiff's wrongful foreclosure claim, but that she failed to state a claim against Ajax.  That is because her only factual allegation regarding Ajax – that she received invoices from them

that contributed to a lien on her house – was not alleged to have contributed to the foreclosure on her home.  ECF No. 122, PageID.1379.

Although Plaintiff's objections mention Ajax a few times, they do so only as part of the factual allegations that are untethered to any particular argument.  The relevance of these statements is not clear, nor is their connection to the report and recommendation.  Plaintiff's failure to validly object is sufficient to overrule her objections.  The court also agrees with Ajax's arguments that Plaintiff's wrongful foreclosure claim is legally and factually deficient because Ajax is not alleged to be the foreclosing party, and Plaintiff's fraud claim does not satisfy the pleading requirements of Fed. R. Civ. P. 9(b).  *See* ECF No. 106, PageID.1238; ECF No. 82, PageID.800, 802.

Ajax's motion to dismiss will thus be granted as well.

## V.    CONCLUSION

For the reasons explained above, the court first **OVERRULES** Plaintiff's objections (ECF No. 124) to the order setting aside the defaults against some of the Farmers Defendants (ECF No. 121).  It then **ACCEPTS** and **ADOPTS** the Magistrate Judge's January 8, 2026 Report and Recommendation (ECF No. 120), **OVERRULES** Plaintiff's

objections to that R&R (ECF No. 125), and **DENIES** Plaintiff's motion for Default Judgment against Defendant Ajax (ECF No. 68).  The court finally **ACCEPTS** and **ADOPTS** the Magistrate Judge's January 9, 2026, Report and Recommendation (ECF No. 122), **OVERRULES** Plaintiff's objections to that recommendation (ECF No. 126) and **GRANTS** each pending motion to dismiss (ECF Nos. 75, 82, 88, 90).

As a result, Plaintiff's claims against Makower, Abatte, Guerra, Wegner & Vollmer, PLLC, Stephen Guerra, Tetyana Begerskyi, Todd Skowronski, Evan M. Alexander, Jennifer Igweiler, Sarah McCoskey, Farmers Insurance Exchange, Travis Spaman, Spaman Insurance Agency, Redmond Walsh, Christine Conkling, Anastasia Kilanowski-Reyes, Adam Gordon, Vandeveer Garzia, and "Ajax Corporation" are each **DISMISSED WITH PREJUDICE**, and those Defendants are dismissed from this case.

Defendants Michigan Asphalt and Nick Drew remain, pending resolution of the show cause order at ECF No. 123.  This is not a final order and does not close the case.

28

29

**SO ORDERED**.

Date: March 5, 2026                          s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge