UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA DAVIS-HARRIS,

                     Plaintiff,

v.

MAKOWER ABATTE GUERRA
WEGNER VOLLMER PLLC, *et al.*,

                     Defendants.

Case No. 24-11380

F. Kay Behm
United States District Judge

David R. Grand
United States Magistrate Judge

_____/

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANTS MICHIGAN ASPHALT INC. AND NICK DREW

**Background**

    *Pro se* plaintiff Julia Davis-Harris ("Davis-Harris") brings this action against several groups of defendants arising out of the alleged wrongful foreclosure of her home. The Court has written extensively about this case, most recently in its January 9, 2026 Report and Recommendation to grant various defendants' motions to dismiss (ECF No. 122), the background section of which is incorporated herein by reference. On February 5, 2026, that Report and Recommendation was adopted over Davis-Harris' objections. (ECF No. 136).

    For purposes of the instant Report and Recommendation, it suffices to say that the only remaining defendants are Michigan Asphalt Inc. ("Michigan Asphalt") and Nick Drew ("Drew"), and that on January 9, 2026, the Court issued an Order requiring Davis-Harris to show cause, "in writing on or before **January 30, 2026**, why this Court should

not recommend that [those two defendants] be dismissed due to her failure to comply with this Court's order requiring her to file her second amended complaint by July 18, 2025." (ECF No. 123, PageID.1393) (emphasis in original).  The Court expressly warned Davis-Harris that her "**[f]ailure to timely and adequately respond to this Order to Show Cause may result in a recommendation that [her] claims against defendants Michigan Asphalt and Drew be dismissed with prejudice**." (*Id.*) (emphasis in original).  That deadline has passed, and Davis-Harris did not respond to the Order to Show Cause.

## Legal Standards

Federal Rule of Civil Procedure 41 governs dismissals of actions.  As to involuntary dismissals, Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a case for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  As the *Link* court explained, "[n]either the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness

of the parties seeking relief." *Link*, 370 U.S. at 630.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

**<u>Analysis</u>**

Here, application of the above factors shows that dismissal of defendants Michigan Asphalt and Drew is appropriate.  With respect to the first factor, even after the Court expressly warned Davis-Harris that her failure to respond to the Order to Show Cause could result in the dismissal of defendants Michigan Asphalt and Drew, Davis-Harris failed to respond.[1]  Therefore, even though it is not clear that Davis-Harris' failure to respond was done in bad faith, it was "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 WL 2051326, at *1 (E.D. Mich. May 14, 2013).

---

[1] This was Davis-Harris' second failure to take action the Court had ordered her to take.  On June 24, 2025, the Court ordered her to file a second amended complaint "that adheres to Rule 8's pleading requirements" by July 18, 2025, and warned her that her failure to do so "**<u>may result in a recommendation that Davis-Harris' case be dismissed with prejudice</u>**."  (ECF No. 51, PageID.332).  Davis-Harris failed to do so, however, which the Honorable F. Kay Behm recently found "is sufficient to dismiss this case with prejudice under Rule 8 and for failure to comply with the court's orders."  (ECF No. 136, PageID.1497).

As to the second factor, defendants Michigan Asphalt and Drew have clearly been prejudiced by Davis-Harris' conduct. They have had to file pleadings and motions to defend themselves in the case, when Davis-Harris seems to have no desire to proceed against them, at least not in a way that conforms to the applicable rules and this Court's orders.

The third and fourth factors weigh heavily in favor of dismissal, as Davis-Harris was explicitly warned that her claims against Michigan Asphalt and Drew may be dismissed if she did not respond to this Court's Order to Show Cause. Given Davis-Harris' failure to comply with this Court's orders, she "has effectively abandoned the case" against Michigan Asphalt and Drew, and "dismissal is the only appropriate remedy" as to those defendants. *Morley*, 2013 WL 2051326, at *1.

**Conclusion**

For the reasons set forth above, the Court **RECOMMENDS** that Davis-Harris' claims against defendants Michigan Asphalt and Drew be **DISMISSED**.

Dated: March 6, 2026                                  s/David R. Grand
Ann Arbor, Michigan                            DAVID R. GRAND
                                                              United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P.

72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2026.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager