UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIA DAVIS-HARRIS,

      Plaintiff,

v.

MICHIGAN ASPHALT, NICK
DREW,

      Defendants.

_____/

Case No. 4:24-cv-11380

F. Kay Behm
United States District Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS (ECF No. 124), MODIFYING AND ADOPTING
THE MAGISTRATE JUDGE'S MARCH 6, 2026 REPORT AND
RECOMMENDATION (ECF No. 137), AND DENYING MOTION
FOR RECONSIDERATION (ECF No. 139)**

Plaintiff Julia Davis-Harris ("Davis-Harris"), proceeding *pro se*,

brought this action against several groups of defendants arising out of

the alleged wrongful foreclosure of her home.  *See* ECF No. 41.  Several

groups of defendants filed motions to dismiss the claims against them.

ECF Nos. 75, 82, 88, 90.  This court previously accepted and adopted a

report and recommendation to grant each of those motions, leaving only

two defendants: Michigan Asphalt and Nick Drew.  ECF No. 136.

Currently before the court is a second report and recommendation

(ECF No. 137) to dismiss the remaining claims against Michigan

1

Asphalt and Nick Drew, to which Plaintiff objected (ECF No. 138). Plaintiff also filed a motion that she labelled as under Rule 60(b), but which the court construes as a motion for reconsideration of a non-final order under Local Rule 7.1 (ECF No. 139). For the reasons explained below, the court overrules Plaintiff's objections, modifies the report and recommendation's findings but adopts its recommended disposition on different grounds, dismisses Plaintiff's claims against these final two defendants, denies her motion for reconsideration, and closes the case.

## I.    FACTUAL BACKGROUND

The court assumes familiarity with its prior opinion dismissing the majority of the Defendants in this case. Although Davis-Harris's allegations are difficult to follow, she appears to allege that all of the present and former Defendants were, in one way or another, involved in the improper foreclosure of her home. Davis-Harris previously owned a condominium in the Lochmoor Homeowners Association ("Lochmoor"). *See* ECF No. 75-7, PageID.620. In April of 2024, Davis-Harris challenged assessments and fees Lochmoor had issued against her, the non-payment of which ultimately led to the foreclosure of her property. *See* ECF No. 75-6, PageID.593; ECF No. 88-3, PageID.1080-81. In April of 2025, a state court found that Davis-Harris owed Lochmoor $8,461.00

in "assessments and late fees[,]" and authorized Lochmoor to sell Davis-Harris' condo at public auction.  ECF No. 88-3, PageID.1080-81.  For many of the named defendants, their inclusion in the present litigation appeared to stem from work or services they provided to Lochmoor.  Nick Drew and the Michigan Asphalt company, for example, paved roads for a project that Davis-Harris suggests was done on Lochmoor's behalf.  ECF No. 88-1, PageID.1050-51.

## II.   STANDARD OF REVIEW

On objections to a report and recommendation, the district court reviews the matter *de novo*.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  The district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Instead, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). The objections must be specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

## III.   ANALYSIS

### A.   Report and Recommendation

The Magistrate Judge's March 6, 2026 report and recommendation (ECF No. 137) followed a show cause order issued to Plaintiff (ECF No. 123). In the show cause order, the Magistrate Judge went over the procedural history of this case and recited how Plaintiff was ordered to file a Second Amended Complaint by July 18, 2025, but never filed such a complaint. So the Magistrate Judge ordered Plaintiff to show cause why her claims against Michigan Asphalt and Nick Drew, who did not file motions to dismiss the claims against them in the First Amended Complaint and were not included in the Magistrate's report and recommendation addressing the various motions to dismiss, should

4

not instead be dismissed for Plaintiff's failure to file a proper second amended complaint.

The Magistrate Judge then found that Plaintiff failed to respond to that show cause order. ECF No. 137, PageID.1514. He therefore recommends that her claims against those defendants be dismissed for failure to respond to his order by the due date of January 30, 2026. *Id.* at PageID.1514-15.

As Plaintiff properly points out in her objections (ECF No. 138), however, she did file a response to the show cause order (ECF No. 129). Admittedly, that response was filed on February 2, 2026, which was two days late, but in that filing, she alleges that she submitted the document at 11:30 pm on January 30, 2026, but the Clerk did not accept the filing because it did not contain her address, email, and phone number. *See id.* While this court sets aside the question of whether that allegation is credible or satisfactory to show excusable neglect for the lateness of her filing (*see* Fed. R. Civ. P. 6(b)(1)(B)), it is at least sufficient to require some assessment of the filing's lateness and any prejudice to the Defendants (or lack thereof) in considering the matter on its merits. Plaintiff's objection, therefore, at least facially has some merit.

5

So the court turns instead to her original response to the show cause order. *See* ECF No. 129. In that filing, however, Plaintiff made no statements that were responsive to the Magistrate Judge's show cause order. *See* ECF No. 129. She made a number of factual allegations against Michigan Asphalt, and several against Nick Drew, but none of her statements in that filing are responsive to the independent procedural issue of her failure to file a Second Amended Complaint, as ordered by the court. *See id.* So although Plaintiff is correct that she did submit a filing in response to the show cause order, none of the content of that response was substantively responsive to the issue presented.

It is true that, in her later objections to the report and recommendation, Plaintiff made a few statements that are responsive to the issue previously presented in the show cause order. Specifically, she points out that neither Michigan Asphalt nor Nick Drew filed a motion to dismiss the claims against them, which, generously construed, is at least a colorable argument that they bear the burden of pursuing dismissal of the claims against them contained in Plaintiff's operative First Amended Complaint. *See* ECF No. 138, PageID.1518. But parties cannot "raise at the district court stage new arguments or

issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (explaining that issues raised for the first time in objections to a magistrate judge's proposed order are "deemed waived"); *Little v. Williams*, No. 22-12222, 2025 WL 2544002, at *6 (E.D. Mich. Sept. 4, 2025) ("The general rule is that district judges will not entertain issues and arguments that appear for the first time in objections to a magistrate judge's report and recommendation." (collecting cases)). As explained, Plaintiff's original response did not include this argument or any argument on point. So these arguments were waived by her failure to raise them before the Magistrate Judge.

In any case, on the merits that argument still misses the mark. As explained in this court's prior order, Plaintiff herself admitted that her First Amended Complaint (her operative complaint) "does not contain a short, plain statement of the allegations" in this case, in violation of Rule 8. ECF No. 46, PageID.300. Plaintiff admitted that the FAC was "not sequentially numbered as [r]equired by Rule 10(b)." *Id.* The Magistrate Judge therefore granted certain Defendants' motions for more definite statement and ordered, in no uncertain terms, that Davis-Harris "file an operative second amended complaint that

adheres to Rule 8's pleading requirements by July 18, 2025." ECF No. 58, PageID.362; *see also* ECF No. 51, PageID.332. It is undisputed that Plaintiff did not do so. Accordingly, this court has already found that, given Plaintiff's own admissions that her First Amended Complaint is deficient under Rules 8 and 10, and that she then failed to comply with the court's order to properly file a Second Amended Complaint that did comply with those rules, her conduct is sufficient to dismiss this case with prejudice under Rule 8 and for failure to comply with the court's orders. *See Kensu v. Corizon, Inc.*, 5 F.4th 646, 653 (6th Cir. 2021) ("if a district court has offered multiple opportunities to fix" a complaint that is deficient under Rule 8 "and the plaintiff has persisted in noncompliance, then the harsh sanction of dismissal is appropriate"); *see* ECF Nos. 38, 40 (offering Plaintiff first opportunity to amend); ECF Nos. 51, 58 (second opportunity to amend); ECF No. 136, PageID.1497 (making this finding).

Therefore, although Plaintiff did file a response to the Magistrate Judge's show cause order, neither that response nor her present objections convince the court that it should not dismiss this case for failure to file a proper second amended complaint within the allotted time. She also waived any argument brought for the first time in her

8

objections that was not brought in response to the Magistrate Judge's show cause order.  Her objections are **OVERRULED**, but the report and recommendation is **MODIFIED** to reflect the findings herein.  The court then **ADOPTS** the Magistrate Judge's recommended disposition on the grounds stated above.  Michigan Asphalt and Nick Drew will accordingly be dismissed from this case.

### B.   Motion for Reconsideration

Plaintiff also filed what she titles a motion for reconsideration under Federal Rule of Civil Procedure 60(b), apparently referring to the court's prior order accepting and adopting the report and recommendation to grant the former Defendants' various motions to dismiss.  *See* ECF No. 139; ECF No. 136 (prior order).  However, Rule 60(b) is solely for motions seeking relief from a final judgment or order; no such order has been entered in this case.  So the court construes the motion as a motion for reconsideration of a non-final order under Local Rule 7.1(h)(2).  Under Eastern District of Michigan Local Rule 7.1(h)(2), a party may file a motion for reconsideration of a non-final order only if: (1) the court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision, (2) an

9

intervening chang in controlling law warrants a different outcome, or (3) new facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.  E.D. Mich. L.R. 7.1(h)(2).  "Motions for reconsideration of non-final orders are disfavored." *Id.*  Absent a significant error that changes the outcome of a ruling on a motion, a party cannot relitigate issues already decided.  *See Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).

Nothing in Plaintiff's motion, which is difficult to follow, justifies relief under that rule.  She appears to be asserting that there is "new and material evidence" that warrants a different outcome.  ECF No. 139, PageID.1546.  But all of her "new" allegations merely reference acts that occurred years prior, or reiterates factual arguments she has previously made.  She advances no reason to think that any "new facts" could not have been discovered previously (or even that they were unknown to her).  None of her renewed arguments raise issues not already decided, and she raises no clear, specific error in the court's prior order in need of correction.  The motion is therefore **DENIED**.

10

## IV.   CONCLUSION

For the reasons explained above, the court **OVERRULES** Plaintiff's objections (ECF No. 138), **MODIFIES** the Magistrate Judge's March 6, 2026 Report and Recommendation's findings, and **ADOPTS** its recommended disposition (ECF No. 137).  As a result, Plaintiff's claims against Michigan Asphalt and Nick Drew are **DISMISSED WITH PREJUDICE**, and those Defendants are dismissed from this case.  Because those defendants were the sole remaining defendants, an order of judgment will follow and will close the case.

**SO ORDERED**.

Date: April 13, 2026                         s/F. Kay Behm
                                             F. Kay Behm
                                             United States District Judge

11